FIAPA'IPA'I SAUNOA, Appellant,
v.
WORKMEN'S COMPENSATION COMMISSIONER, AMERICAN INTERNATIONAL
UNDERWRITERS (AIU) and STAR-KIST SAMOA, INC.

High Court of American Samoa
Appellate Division

AP No. 5-84

April 5, 1985

Before KING* and HEEN,** Acting Associate Justices, TAUANU'U, Chief Associate Judge and LUALEMAGA, Associate Judge.

Counsel:  For the appellant, Mulitauaopele I.S. and Asaua Fuimaono
          For the WCC, Harry Holifield, Assistant Attorney General
          For AIU and Star-Kist Samoa, Hall & Associates by Gary Hynds

KING, J.

## FACTS

Appellant contracted an ailment which resulted in partial blindness. The first symptoms occurred while she was at work at the Star-Kist cannery. Her claim for Workers' Compensation payments was denied by the commission; the denial was upheld by the trial division of the high court. This appeal followed.

## DISCUSSION

Appellant contends that the commission and the trial court failed to give proper weight to the A.S.C.A. section 32.0642 presumption that "in the

absence of substantial evidence to the contrary . . . the claim comes within" the workers' compensation statutes. Appellant argues that this statute requires that the commission and the trial court find her claim was covered because the employer failed to produce any evidence that it was not. Appellees argue that they may rely on the claimant's evidence to rebut this statutory presumption.

The State of Hawaii has a similar statute which was discussed at some length in Akamine v. Hawaiian Packing & Crating Co. (Hawaii 1972) 495 P.2d 1164. What the Hawaiian Supreme Court said there is relevant here.

> The presumption is not a mere procedural device that disappears upon the introduction of contrary evidence. . . . It imposes upon the employer the burden of going forward with the evidence and the burden of persuasion. It may be rebutted only by substantial evidence that it [the claim] is unrelated to the employment. . . . Substantial evidence is relevant and credible evidence of a quality and quantity sufficient to justify a conclusion by a reasonable man that an injury or death is not work-connected. . . . The presumption is further strengthened by a finding that the death or injury occurred in the course of employment. . . . If the employer fails to adduce substantial evidence to the contrary, the presumption mandates that the claimant must prevail.

Id. at 1166.

The appellees did not put on any evidence at the hearing before the commission or at the trial before the high court. Instead the appellees relied on the evidence adduced during the appellant's presentation at the hearing and trial.

The appellees also argue that this statutory presumption "does not take the place of competent evidence, and once evidence is introduced that tends to controvert the work-related nature of the injury, the presumption must fall out of the case and the claimant has the burden of proving all elements of his claim." Brief of appellees AIU and Star-Kist Samoa at 4.

Appellees further argue that "[i]t is necessary for Appellant to establish some kind of preliminary link with the employment before the presumption can attach." Brief of Appellee Workmen's Compensation Commission (WCC) at 2.

There is a sufficient preliminary link to claimant's employment by a showing that some aspect of the injury occurred while the claimant was on the job. See Hartford Fire Insurance Co. v. Workmen's Compensation Commission (1979) AP No. 15-79.

If the claimant were required to show that the injury in question was work-related in order for the presumption to come into play, there would be no need for the presumption.

The Hartford Fire Insurance case makes it clear that the statutory presumption did "shift the burden of proof on the issue of causation to Appellant [employer], and required Appellant to meet that burden by substantial evidence." Id. at 1.

The Workmen's Compensation Commission considered "the central issue in this particular case" to be "whether Appellant's injury was the result of her employment with Starkist cannery that Friday morning on 18 July, 1980." Brief of Appellee WCC at 5. This misstates the issue.

The employer likewise misstates the issue. "In the present case, if there was any relevant evidence which tended to indicate Appellant's illness was not related to her work, then the presumption contained in A.S.C.A. 32.0642 falls from the case and the burden is upon the Appellant to demon-

strate the connection between her illness and her employment." Brief of Appellees AIU and Star-Kist Samoa at 4-5.

The correct question is whether, once the statutory presumption applies, the employer has met the employer's burden of proof that the injury in question was not work-related, by substantial evidence.

The employer did not offer any evidence, but argues from evidence adduced during Appellant's case.

We agree that the employer may meet his burden of proof in reliance upon the evidence introduced during the claimant's presentation before the Workmen's Compensation Commission. The only evidence relied upon by the appellees in this case is certain testimony by Dr. Iotamo Saleapaga, an internist called by claimant as an expert as to claimant's injury, both as to cause and extent.

Dr. Saleapaga assumed that claimant had an attack of pneumococcal meningitis because that was the diagnosis of Dr. Hess who was the admitting physician at L.B.J. Hospital when claimant was admitted on July 23, 1980. He testified that this particular ailment is caused by a pneumococcus that is found normally in the throat area of 40 to 60 percent of people, that it is not contagious, and that the organisms just "get mad" and invade the bloodstream causing infections, sometimes in the brain, sometimes in the lung. He testified that he was depending upon Dr. Hess' microscopic observations and that a laboratory report on a culture did not confirm Dr. Hess' diagnosis. There was no testimony as to what conditions or influences—for example, work-related or nonwork-related conditions—would cause the pneumococcus to "get mad."

We are of the opinion that the evidence relied upon by appellees does not constitute the substantial evidence necessary to overcome the statutory presumption of A.S.C.A. section 32.0642.

The denial of coverage by the Workmen's Compensation Commission and the affirmance thereof by the trial division of the high court are reversed.

The case is remanded to the Workmen's Compensation Commission with instructions to enter an order that appellant's claim comes within the provisions of A.S.C.A. chapters 32.05 and 32.06.